1

**GARDY & NOTIS, LLP**
Mark C. Gardy

2
Jennifer Sarnelli (State Bar No. 242510)
Orin Kurtz *(pro hac vice to be filed)*

3
126 East 56th Street, 8th Floor
New York, NY 10022

4
Tel: (212) 905-5209
Fax: (212) 905-0508

5

6

**MAYERSON & HARTHEIMER, PLLC**
Sandra E. Mayerson *(pro hac vice to be filed)*

7
David Hartheimer *(pro hac vice to be filed)*
845 Third Ave., 11th Floor

8
New York, N.Y. 10022
Tel: (646) 778-4381

9
Fax: (501) 423-8672

10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

11
**WESTERN DIVISION**

12

13
ONDREA FAILLACE, individually and on behalf of all others similarly situated,

CASE NO. 2:17-cv-6721

14

**CLASS ACTION COMPLAINT**

15
Plaintiff,

**COMPLAINT FOR DAMAGES, EQUITABLE, AND INJUNCTIVE**

16
v.

**RELIEF**

17
EQUIFAX, INC

**DEMAND FOR JURY TRIAL**

18
Defendant.

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Ondrea Faillace ("Plaintiff"), by and through her attorneys, brings this class action

2    complaint on her own behalf and on behalf of all others similarly situated, against defendant Equifax

3    Inc. ("Equifax" or "Defendant") arising out of the massive data breach by Equifax which resulted in

4    compromising information, including social security numbers of nearly half the country, being taken

5    by an unauthorized third party.  Plaintiff complains and alleges, upon knowledge as to herself and

6    her own acts, and upon information and belief as to all other matters, as follows:

7                                         <u>**NATURE OF THE ACTION**</u>

8         1.    This is a nationwide class action on behalf of all persons whose personal identifying

9    financial information was provided to Equifax Inc. ("Equifax" or "Defendant") arising out of

10   Defendant's "data breach," which resulted in a third party obtaining the names, birth dates, *Social*

11   *Security numbers*, addresses and some driver's license numbers, of more than 140 million

12   consumers.

13        2.    Social security numbers, and the other identifying information that was taken from

14   Defendant's databases, are among the most highly sensitive information that consumers possess.

15   The theft of this information may allow a thief to impersonate a consumer and obtain access to

16   nearly every account that consumer owns.  As explained by a cyber-security expert,

17        Most often, security questions to access [] websites use that data, like a previous
18        address, so this becomes an open-source intelligence nightmare[]. It's nasty. If I
          can get my hands on that information I can call a bank. They're going to ask me
19        for your social, address, the information that was leaked here, to get access.

20        3.    Plaintiff and the Class are now subject to the serious and real risk that highly

21   confidential information they shared or allowed to be shared with Equifax, in reliance on Equifax's

22   assurances of security, will be used to their detriment.

23        4.    Although Defendant knew about the data breach as early as July 29, 2017, it did not

24   disclose the breach to the public until September 7, 2017.  As a result, Plaintiff and the Class

25   remained ignorant that their sensitive information was compromised and were unable to take any

26   actions to protect themselves for over a month.  According to many security experts, the time period

27   immediately following a data breach is the most opportune time for thieves to exploit the

28   information they have obtained because the victim is unaware that anything has occurred.

5. Moreover, unlike other data breaches, not all of the people affected by the Equifax breach may be aware that they're customers of the company. Equifax gets its data from credit card companies, banks, retailers, and lenders who report on the credit activity of individuals to credit reporting agencies, as well as by purchasing public records. People affected may not realize that Equifax has their data. Thus, it appears that many people whose data was exposed did not provide that information directly to Equifax and may not even know Equifax had it.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff Class, on the one hand, and defendant Equifax, on the other, are citizens of different states.

7. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's provision of information to Defendant, purchase and/or use of Defendant's services, and purchase of credit monitoring services as a result of Defendant's data breach.

## THE PARTIES

8. Plaintiff Ondrea Faillace ("Plaintiff") is a citizen of the State of California, residing in Agoura Hills. According to Defendant's website, Plaintiff's personal information was affected as a result of the data breach. As a direct and proximate result of the data breach, Plaintiff purchased credit monitoring from LifeLock, at a cost of $20 per month.

9. Defendant Equifax is a Georgia company with headquarters at 1550 Peachtree Street, NW, Atlanta Georgia. Equifax is one of the three major credit reporting and monitoring agencies in the United States. As a result of a law passed in 2003, each person in the United States is entitled to one free credit report per year from Equifax. Consumers can also purchase access to their credit score from Defendant for a fee. Equifax also provides identity theft monitoring and protection services, and sells information about consumer "credit intelligence" to businesses. According to its

SEC filings, Defendant's operating revenue was over $3 billion in 2016.  Over $1 billion of that revenue came from "U.S. Information Solutions."

## PLAINTIFF'S CLASS ALLEGATIONS

10.    Plaintiff seeks to bring this case as a nationwide class action on behalf of herself  and all others similarly situated in the United States as members of the proposed Class, defined as follows:

> All persons in the United States (a) whose personal information was provided to Defendant at any time and/or (b) were subject to risk of data loss, credit harm or identity theft and/or purchased third-party credit monitoring services as a result of Defendant's data breach.

11.    Excluded from the Class are all attorneys for the class, any judge presiding over this action, Defendant, and any corporations, partnerships or other entities owned by Defendant

## NUMEROSITY

12.    The Class is so numerous that joinder of all of its members is impractical.  Defendant has admitted that over 140 million persons may have been affected by the data breach.

## COMMON QUESTIONS OF LAW AND FACT

13.    Common questions of law and fact exist as to all Class members.  These questions predominate over questions affecting only individual Class members.  These common legal and factual questions include but are not limited to the following:

a.    Whether Defendant had a duty to safeguard the sensitive identifying information of Plaintiff and the Class;

b.    Whether Defendant breached that duty;

c.    Whether the data of Plaintiff and the Class was compromised;

d.    Whether Defendant's conduct was deceptive, misleading, unfair or unconscionable;

e.    Whether Defendant's conduct violated Cal. Bus. & Prof. Code Section 17200, and

f.    The amount by which Plaintiff and the Class were damaged.

## TYPICALITY

14.     Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff, the Class were all victims of Defendant's data breach and all seek to hold Defendant accountable in the same regard.

## ADEQUACY OF REPRESENTATION

15.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests that conflict with or are antagonistic to the interests of the Class.   Plaintiff has retained attorneys competent and experienced in class action litigation.

## SUPERIORITY

16.     A class action is superior to any other available method for the fair and efficient adjudication of this controversy, since, as demonstrated above, common questions of law and fact overwhelmingly predominate over any individual questions that may arise.

17.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Equifax or adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

18.     Equifax has acted or refused to act on grounds generally applicable to all Class members, thereby making appropriate any final judgment with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

19.     Defendant collects highly sensitive information from consumers to provide credit reports, among other things.  Defendant's website states:

> Specifically, we get information from you when you ask for a free credit report or other services provided through this website. We collect the following information from you online so we can process your requests:

1        •      First and last name (middle initial and suffix, as applicable)

2        •      Social Security Number

3        •      Date of birth

4        •      Current and former mailing address

5        •      Other information we may need to process your request

6        20.     In addition, Defendant receives data from credit card companies, banks, retailers, and

7 lenders who report on the credit activity of individuals to Equifax, as well as by purchasing public

8 records.

9        21.     In connection with its collection of this highly sensitive personal information,

10 Defendant represents that it provides the highest levels of security possible.

11        22.     Defendant's website states that the customer is engaging in a "Secure Transaction:

12 For your protection, this website is secured with the highest level of SSL Certificate encryption."

13 Equifax also has a representation on its website stating: "We know how important it is for your

14 online transactions to be secure. We safeguard the privacy of the information you give us when you

15 fill out our forms online. We encrypt the information to protect it while you are filling out the form,

16 and also when we send the information to any of the nationwide consumer credit reporting

17 companies. We use physical, electronic, and procedural safeguards to protect your personal

18 information."

19        23.     In addition to any representations Defendant makes, Defendant has a duty, as a result

20 of being entrusted with sensitive financial information, to keep that information safe from disclosure

21 to or appropriation by unauthorized parties.

22        24.     Defendant failed to live up to its representations or duties, and, as Defendant

23 announced on September 7, 2017, the personal information of more than 140 million users may have

24 been compromised in a data breach and/or accessed by an unauthorized third party beginning in

25 May, 2017.

26        25.     Although Defendant learned of the data breach on July 29, 2017, it did not inform

27 Plaintiff and the Class of the data breach until September 7.

28

1  26.  As a result of the data breach, Plaintiff and the Class have been subject to a

2 heightened risk of credit harm, financial harm, and/or identity theft and/or have been required to pay

3 for third party credit repair and monitoring services.

4  **COUNT I**

5  **Negligence**

6  27.  Plaintiff realleges and incorporates by reference each and every allegation set forth

7 above as though fully set forth herein.

8  28.  Defendant had a duty to safeguard the sensitive financial information of Plaintiff and

9 all similarly situated persons.

10  29.  Defendant failed to safeguard that information, and therefore breached its duty to

11 Plaintiff and all similarly situated persons.

12  30.  As a direct and proximate result of Defendant's breach, Plaintiff and all similarly

13 situated persons were harmed in an amount to be determined at trial.

14  **COUNT II**

15  **Consumer Fraud**

16  31.  Plaintiff realleges and incorporates by reference each and every allegation set forth

17 above as though fully set forth herein.

18  32.  Defendant engaged in deceptive, unconscionable and/or unfair business practices by,

19 among other things, stating or implying that it would keep and protect the information of Plaintiff

20 and the Class.

21  33.  Plaintiff and the Class were harmed by Defendant's deceptive, unconscionable,

22 and/or unfair business practices in amounts to be determined at trial. Plaintiff and the Class are

23 entitled to, among other things, compensatory damages, statutory damages and penalties, and

24 punitive damages.

25

26

27

28

### COUNT III

### Cal. Bus. & Prof. Code § 17200, *et seq.*

34.     Plaintiff realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

35.     Plaintiff and the Class relied on Defendant's misstatements and/or omissions and suffered an ascertainable loss as a result.

36.     Cal. Bus. & Prof. Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

37.     Plaintiff and the Class are reasonable consumers who expected Defendant to protect their sensitive personal information, including social security numbers, that was entrusted to Defendant and to be informed by Defendant of potential and actual vulnerabilities or breaches as soon as Defendant became aware of such threats.

38.     Defendant's acts and omissions were intended to induce Plaintiff and the Class to rely on Defendant's assurances, stature, and actions.   Plaintiff and the Class were deceived by Defendant's failure to protect their information and/or Defendant's conduct was likely to deceive consumers.

39.     The facts that Defendant failed to disclose to Plaintiff and the Class were material in that a reasonable person would have considered them important in deciding whether to entrust Defendant with that information.

40.     By its conduct, Defendant engaged in unfair competition and fraudulent business practices.

41.     As a direct result of Defendant's unfair, deceptive, and/or fraudulent practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

42.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to Sections 17203 and 17204 of the California Business & Professions Code.

## COUNT IV

### Breach of Contract

43.     Plaintiff realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

44.     Plaintiff and the Class entered into contracts with Defendant.  By its failure to protect the information of Plaintiff and the Class, Defendant has breached those contracts and has also breached the implied duty of good faith and fair dealing that is present in every contract.

45.     Plaintiff and the Class have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the Class the following relief:

A.     An order certifying this case as a class action on behalf of the Class defined herein under Federal Rule of Civil Procedure 23 (a) and (b)(3), appointing Plaintiff as Class Representatives, and appointing Plaintiff's counsel as Class Counsel;

B.     An order enjoining Defendant from continuing the unfair and deceptive business practices alleged herein;

C.     A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten revenues it collected from the conduct alleged herein, or make full restitution to Plaintiff and the Class;

D.     Award Plaintiff and the Class all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, statutory damages, and any other damages that may be just and proper;

E.     Award Plaintiff and the Class their reasonable attorneys' fees, costs and expenses as authorized by law; and

F.     Grant in favor of Plaintiff and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED:  September 13, 2017

**GARDY & NOTIS, LLP**


By: _s/Jennifer Sarnelli_

Mark C. Gardy
Jennifer Sarnelli (State Bar. No. 242510)
Orin Kurtz *(pro hac vice to be filed)*
Tower 56
126 East 56th Street, 8th Floor
New York, New York 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
mgardy@gardylaw.com
jsarnelli@gardylaw.com
okurtz@gardylaw.com

**MAYERSON & HARTHEIMER, PLLC**
Sandra E. Mayerson *(pro hac vice to be filed)*
David Hartheimer *(pro hac vice to be filed)*
845 Third Ave., 11th Floor
New York, N.Y. 10022
Tel: (646) 778-4381
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com


*Attorneys for Plaintiff*